UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CARL R. MILLER & ANDRE L. RANDLE,<br><br>Defendants. | Criminal Nos. 06-246-01, 06-246-02 |

**DETENTION MEMORANDUM**

The Defendants, Carl R. Miller and Andre L. Randle, have been charged by indictment with unlawful possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(ii); and aiding and abetting in violation of 18 U.S.C. § 2. The Government requested a detention hearing, which was held on August 21, 2006. At the conclusion of the detention hearing, the Court found that the Defendants should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, the Government proffered that the Drug Enforcement Administration ("DEA") in Washington, D.C. received information from a reliable source that an

individual known to them would be receiving a large quantity of cocaine from Texas. On August 15, 2006, the DEA began following this known individual and observed a brief meeting between the individual and Defendant Miller outside the Fairmont Hotel on M Street, NW, in Washington, D.C.

The Government proffered that, shortly afterwards, DEA agents observed Defendant Miller leaving the Fairmont Hotel. The agents then observed a meeting between two vehicles. The first vehicle was a Mercedes which had previously been parked outside the Fairmont Hotel. The second was a Lincoln Towncar with Texas license plates. Agents observed the Lincoln Towncar pulling up behind the Mercedes, and then observed the two cars pulling away together. Believing that the Lincoln Towncar was making a drug delivery, DEA agents performed a traffic stop. Defendant Miller was the driver of the Lincoln Towncar, and Defendant Randle was the front-seat passenger. Both Defendants consented to a search of the Lincoln Towncar, and a K-9 dog then indicated the presence of drugs within the vehicle. Nine kilograms of cocaine powder were found in the vehicle and seized.

Shortly afterwards, DEA agents searched the hotel rooms where the Defendants had been staying. A search of Defendant Miller's room at the Hyatt Hotel on H Street, NW, yielded a one-way plane ticket from Houston to Baltimore-Washington International ("BWI") Airport, which had been purchased with cash the day before. While searching Defendant Randle's room at the Fairmont Hotel, Agents encountered a woman identified as Tiffany Hunter. Ms. Hunter stated that she and Mr. Randle had driven the Lincoln Towncar from Texas a few days beforehand. Ms. Hunter also stated that she had come to shop in the Georgetown area of Washington, D.C. and that she knew nothing about Mr. Randle's business.

**Discussion**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person . . . [or] the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Danger to the community alone is a sufficient basis upon which to order pretrial detention, if the judicial officer finds by clear and convincing evidence that Defendant's pretrial release would constitute an unreasonable risk of danger to the community. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986). When, as here, there is probable cause to believe that a Defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community.

Here, the government seeks pre-trial detention on the grounds that the Defendants pose a danger to the community and a risk of flight. In determining whether there are conditions of release which will reasonably assure the safety of the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendants; (3) the Defendants' history and characteristics, including the Defendants' ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendants' release. *See* 18 U.S.C.

§3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendants are charged with unlawful possession with intent to distribute nine kilograms of cocaine powder, a very large quantity of illegal drugs. The Government proffered that this amount of cocaine powder has a wholesale value of approximately $200,000 in Washington, D.C. area.

The second factor, the weight of the evidence, also favors detention. DEA agents seized nine kilograms of cocaine powder from a Lincoln Towncar with Texas license plates while Defendants were in the car. The DEA had already observed Defendant Miller meeting with a known individual who, the DEA had been told, would be receiving a large quantity of cocaine from Texas. A reliable informant had given this information to the DEA. Agents found a one-way plane ticket from Houston to BWI Airport in Defendant Miller's hotel room, purchased with cash the day before. Also, the DEA learned from the woman at Defendant Randle's hotel room that Mr. Randle had recently driven the Lincoln Towncar from Texas to Washington, D.C.

The third factor, the history and characteristics of the Defendant, supports pretrial detention for Defendant Randle, but not for Defendant Miller. According to the Pretrial Services report, Defendant Randle has three prior drug-related felony offenses. The latter two offenses, for drug delivery, were committed while Defendant Randle was on probation for the first drug offense. The Pretrial Services Agency showed no criminal record for Defendant Miller. Neither Defendant has any ties to the Washington, D.C. community.

The fourth factor, the nature and seriousness of the danger to the community should the Defendants be released, also favors detention. Although the instant charges did not involve violent

- 4 -

activity, the Defendants were involved trading a large quantity of cocaine powder, a dangerous and illegal substance that causes violence in the Washington, D.C. area.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court concludes that the evidence clearly and convincingly establishes that the Defendants' pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of detention established by the statute has not been overcome by the Defendants in this case. Therefore, the Government's motion for pretrial detention is granted and the Defendants are to be held without bond pending further actions of this court.


Dated: August  24th , 2006               /s/                                              
                                          ALAN KAY
                                          UNITED STATES MAGISTRATE JUDGE