UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Cr. No. 06-246(HHK) |
| : | |
| Carl Miller & Andre Randle : | |
| : | |
| Defendants. : | |

**GOVERNMENT'S MOTION TO ADMIT EVIDENCE OF OTHER CRIMES**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby requests the admission of other crimes evidence against defendant Andre Randle in the trial of this case. In support of this Motion, the Government relies on the following points and authorities and any others that may be cited at a hearing on this Motion.

A.   **The Present Case**

Defendants are charged with Possession with Intent to Distribute Five Kilograms or More of Cocaine. The Indictment arises out of an event on August 15, 2006 where the defendants were stopped in a car with Texas registration plates that had nearly nine kilograms of cocaine in a hidden compartment behind the front dashboard. Both defendants are residents of Texas. Prior to stopping the defendants, law enforcement agents in this area had received information from agents in Texas that the defendants would be traveling from Texas to the District of Columbia with a quantity of cocaine.

B.   **Evidence of Other Crimes**

Certified records from Fort Bend County, Texas show that on May 15, 1998, Andre

Randle entered pleas of guilty in case 30158 and case 30160. Each case alleged a single count of delivery, on January 21, 1998, of less than one gram of cocaine within 1000 feet of a school. In each case, defendant Randle received a sentence of six years incarceration, to be served concurrently.

Fort Bend County, Texas certified records also show that on December 4, 1995, defendant Randle entered a plea of guilty to possession of more than one gram but less than four grams of cocaine on October 9, 1995. A six year sentence was suspended in favor of probation in that case. The 1998 cases occurred while defendant Randle was on probation in the 1995 case. On May 15, 1998, he was found in violation his probation and sentenced to six years, concurrent to the sentences in cases 30158 and 30160.

C.      **Legal Standards Supporting Admissibility of the Evidence**

Evidence of other crimes, wrongs or acts is admissible under Fed. R. Evid. 404(b) if offered for any permissible purpose. Rule 404(b) is a rule of inclusion rather than exclusion. "[A]lthough the first sentence of Rule 404(b) is 'framed restrictively,' the rule itself 'is quite permissive,' prohibiting the admission of other crimes evidence 'in but one circumstance' – for the purpose of proving that a person's actions conformed to his character." *United States v. Crowder*, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (*en banc*), *cert. denied*, 525 U.S. 1149 (1999); *United States v. Moore*, 732 F.2d 983, 987 (D.C. Cir. 1984) ("[o]nly one series of evidential hypotheses is forbidden in criminal cases by Rule 404: a man who commits a crime probably has a defect in character; a man with such a defect of character is more likely than men generally to have committed the act in question."). Permissible purposes include – but are not limited to – proof of intent, motive, opportunity, plan, knowledge, identity, or absence of mistake or

accident, *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir.), *cert. denied*, 498 U.S. 825 (1990), and corroboration of other evidence, *United States v. Bowie*, 232 F.3d 923, 933 (D.C. Cir. 2000).

Other crimes evidence should be admitted if the following three criteria are met:

> 1) the evidence of other crimes or acts is relevant in that is has "**any tendency** to make the existence of **any fact** that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," Fed. R. Evid. 401; 2) the fact of consequence to which the evidence is directed relates to a matter in issue other than the defendant's character or propensity to commit crime; and 3) the evidence is sufficient to support a jury finding that the defendant committed the other crime or act [citations omitted].

*Bowie, supra*, 232 F.3d at 930 (emphasis added). Here, the other crimes evidence should be admitted because it tends to make a fact of consequence more probable and it relates to matters other than defendant's character.

In this case, evidence of defendant Randle's prior involvement in cocaine distribution is relevant to show his intent to distribute on August 15, 2006, his motive for possessing cocaine, his opportunity to obtain and possess cocaine. Furthermore, it helps to explain his retail distribution plan, his knowledge of cocaine distribution, and the absence of mistake or accident as a reason for the defendant's involvement in the charged crime. As the Court of Appeals stated in its *en banc* decision in *Crowder*:

> Rule 404(b) evidence will often have multiple utility, showing at once intent, knowledge, motive, preparation, and the like. Proof of an individual's intent to commit an act may itself serve as proof that the individual committed the act, as the Supreme Court recognized more than a century ago. In proving that a defendant intended to distribute crack cocaine, for instance, the government might simultaneously be showing the defendant's motive to possess the crack, which Rule 404(b) permits. Intent would thereby serve as an intermediate fact from which the jury could

> infer another intermediate fact – motive – from which it could in turn infer the element of possession. Thus, other-offense evidence of intent would have probative value not just on the intent element, but also on the possession element.

*Crowder, supra*, 141 F.3d at 1208 (citation omitted). Thus, in *Crowder*, other crimes evidence was admitted to show the defendant's knowledge, intent, and motive. The Court in *Crowder* further stated:

> A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them and so forth. Evidence of a defendant's experience in dealing drugs – evidence that is, of his "bad acts" – thus may be a "brick" the "wall" of evidence needed to prove possession. *See* Fed.R.Evid. 401, advisory committee notes.

*Id*. at 1209 n. 5.

As in *Crowder*, the defendant Randle's "hands-on experience in the drug trade . . . can show that he knew how to get drugs, what they looked like, where to sell them and so forth." 141 F.3d 1209 n.5. Indeed, here, the other crimes evidence shows that the defendant had "hands-on experience" with cocaine. This evidence is all relevant,"as proof that the individual committed the act" of possessing with intent to distribute cocaine, 141 F.3d at 1208. As in *United States v. Latney*, 108 F.3d 1446, 1448 (D.C. Cir.), *cert. denied*, 522 U.S. 940 (1997), this evidence is relevant to show the defendant's criminal intent in the instant offense - that is, "a state of mind inconsistent with accident or inadvertence." *See also United States v. Clarke*, 24 F.3d 257, 264 (D.C. Cir. 1994) (evidence of prior sales of cocaine by defendants admissible to establish intent regarding their possession of large amounts of cocaine on dates charged in the indictment); *United States v. Washington*, 969 F.2d 1073, 1080-81 (D.C. Cir. 1992), *cert. denied*, 507 U.S. 922 (1993) (when defendant charged with distribution and possession with

intent to distribute drugs, 404(b) evidence of his prior drug transactions was admissible to demonstrate intent, knowledge, plan and absence of mistake); *United States v. Harrison*, 679 F.2d 942, 948 (D.C. Cir. 1982) (evidence of defendant's prior drug trafficking admissible in trial of charges of possession with intent to distribute drugs to show intent, preparation, plan and knowledge); *United States v. Johnson*, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994), *cert. denied*, 514 U.S. 1041 (1995) (proper to admit evidence of a prior drug transaction as bearing on intent to possess); *United States v. Williams*, 895 F.2d 1202, 1205-06 (8th Cir. 1990) (evidence that defendant was found with guns and drugs in 1986 and 1987 was relevant to show that it was no mistake or accident that defendant had guns and drug paraphernalia in his apartment during execution of search warrant in 1988, and to show knowledge).

**D.** **The Evidence is More Probative Prejudicial**

Inasmuch as this other crimes evidence is probative, it should be admitted unless its probative value is substantially outweighed by its prejudicial effect. Fed. R. Evid. 403. Although the other crimes evidence involves narcotics, it is not unfairly prejudicial. The danger that this Court must weigh is not the danger that the other crimes evidence will weaken defendant Randle's defense, but rather the danger that the jury will misuse the evidence by inferring that, merely because the defendant engaged in these prior bad acts, he is prone to commit the charged acts. *See United States v. Mitchell*, 49 F.3d 769, 777 (D.C. Cir.), *cert. denied*, 516 U.S. 926 (1995). The law in this Circuit is clear that in balancing the probativeness and prejudice of other crimes, "it is a sound rule that the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the offense charged."

*United States v. Harrison*, 679 F.2d 942, 948 (D.C. Cir. 1982) (*quoting United States v. Day*, 591 F.2d 861, 878 (D.C. Cir. 1978)).  Here, the proffered evidence of other crimes bears a close relationship to the offenses charged.  All of the other crimes evidence involves the same controlled substance – cocaine, and it involves distribution or preparation for distribution of the cocaine.

**E.**     **Conclusion**

Therefore, because the evidence of defendant Randle's prior convictions is relevant to matters other than propensity; is shown by clear and convincing evidence; and carries probative value that outweighs any undue prejudice, the Government asks this Court to permit the introduction of evidence of defendant Randle's prior convictions in the trial of this matter.

Respectfully Submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498610

By:

Bryan Roslund
Special Assistant United States Attorney
Organized Crime and Narcotics Section
555 4th Street, N.W.  #4108
Washington, DC 20001