UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 06-246 (HHK) |
| : | |
| ANDRE L. RANDLE, : | |
| Defendant. : | |

GOVERNMENT'S OPPOSITION TO MOTION TO
CONDITIONS OF PRETRIAL RELEASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this opposition to the defendant's Motion to Reconsider Conditions of Pretrial Detention. In support of this opposition, the Government relies on the points and authorities set forth in this memorandum and at any hearing on this matter.

BACKGROUND

The following information was provided to agents with the Drug Enforcement Administration (DEA) by confidential sources or through personal observations. On or about August 15, 2006, defendant Andre L. Randle drove a Lincoln Towncar from Houston, Texas, to Washington, D.C. A female companion accompanied defendant. Secreted in the dashboard of the Towncar was nine kilograms of cocaine hydrochloride. The purpose of the trip was for defendant to meet co-defendant Carl Miller in the D.C. area, where they planned to deliver the cocaine to Julian Johnson, a D.C. resident, in exchange for money.

On that same day, defendant rented a hotel room at the Fairmont Hotel located at 2401 M Street, N.W., Washington, D.C. Co-defendant Miller traveled to the D.C. area via Southwest Airlines and then a taxi cab. At approximately 10:30 p.m., defendant, who was seated in the passenger seat, and co-defendant Miller, seated in the driver's seat, and parked the Lincoln Towncar

next to Johnson, who was seated in his Mercedes.[1] The automobiles were parked behind each other on M Street, N.W. Both vehicles pulled out to the lane of traffic. DEA agents were conducting surveillance, made the above-noted observations, and initiated a traffic stop on both automobiles.

DEA agents used a police dog trained to detect narcotics to scan both the Mercedes and the Lincoln Towncar. The police dog reacted positively to the area near the dashboard of the Lincoln Towncar.

Based on the police dog's reaction, the Lincoln Towncar was transported to the DEA Washington District Office. Both defendant and co-defendant gave consent to a search of the Lincoln Towncar, DEA agents found approximately nine kilograms of cocaine hydrochloride hidden within the dashboard of the Lincoln Towncar. Defendant and co-defendant were arrested.

On or about August 24, 2006, a chemist with the DEA Mid-Atlantic Laboratory examined the cocaine hydrochloride recovered from the Lincoln Towncar. The chemist determined that the substance was cocaine hydrochloride, weighed 8,964 grams, and had a purity content of 85%. On August 17, 2006, a federal grand jury indicted defendant and co-defendant in a one-count indictment charging them with Unlawful Possession with Intent to Distribute of 5 Kilograms or More of Cocaine and Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii) and 18 U.S.C. § 2.

**DISCUSSION**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et. seq.* states that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably

---

[1] Seated in the passenger seat of Johnson's Mercedes was Lonnie Rasheed Paul.

assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C.Cir. 1987). In addition, 18 U.S.C. § 3142(e) provides that in a case where the defendant has committed a crime of violence or a drug offense where a maximum term of imprisonment of ten years or more is prescribed, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

Under 18 U.S.C. § 3142(g), a judicial officer must take into account the following before ordering detention: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S. C. § 3142(g).

The Honorable Magistrate Judge Alan Kay held a detention hearing in this matter on August 21, 2006. At that hearing, the government proffered evidence to establish the charged offense. (At the time of the detention hearing the defendants had already been indicted by a grand jury). Based on the government's proffer, Magistrate Judge Kay found that there was probable cause to believe that the defendants committed an offense in violation of 21 U.S.C. § 841(a)(1). Detention Memo. at 3. Magistrate Judge Kay also held that the defendant was unable to overcome the presumption in favor of detention, finding that the proffered evidence clearly and convincingly established that the defendant's pretrial release would constitute an unreasonable risk of danger to the community. Id. at 5.

Weighing the factors set forth in 18 U.S. C. § 3142(g), the Court found that the nature and circumstances of the offense and the weight of the evidence, which included 9 kilograms of crack hydrochloride, with a street value of at least $200,000, favored detention. Id. at 4. The Court also found that the weight of the evidence against the defendant favored pretrial detention. Id.. In considering this factor, the Court noted that evidence established that defendant drove the Lincoln Towncar from Texas to Washington, D.C., and defendant was seated in the automobile when the DEA stopped the Lincoln Towncar and subsequently found the 9 kilograms of cocaine. In addition Magistrate Judge Kay's found defendant's three prior criminal drug-related felony offenses (two of which were for distribution of narcotics), warranted pretrial detention. Id. Finally, the Court found that the nature and seriousness of the danger to the community the defendant poses if released, favors detention. Id..

Defendant is employed as a drug courier. His criminal history, coupled with the offense with which he is currently charged, establishes that the defendant continues to engage in criminal activity and that he poses a danger to the community. In his motion, defendant merely claims a general denial of the charges, and puts forth no new facts or circumstances warranting this Court to reconsider his conditions of release. If convicted, defendant faces a minimum mandatory sentence of twenty years incarceration, with a maximum sentence of life imprisonment.

What the Court did find was that the nature and circumstances of the offense charged; the weight of the evidence against the defendant; and the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release warrant pretrial detention.

## CONCLUSION

For all of the reasons set forth above, the Government respectfully requests that this Court deny the defendant's Motion for Modification of Bond.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
Bar No. 498610

_____Anthony Scarpelli
Assistant United States Attorney
D.C. Bar No. 474711
Narcotics Section
555 4th Street, N.W.  #4816
Washington, DC 20530
Phone: (202) 353-1679

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this motion has been sent, by ECF, to the attorney for the defendant, Kenneth D. Auerbach, this 26th day of April, 2007.

_____
Anthony Scarpelli
Assistant United States Attorney