IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| v. | : No. 06-cr-00246-02 (HHK) |
| ANDRE L. RANDLE, et al. | : |
| DEFENDANT | : |

OPPOSITION TO GOVERNMENT MOTION TO ADMIT EVIDENCE OF OTHER CRIMES

ANDRE L. RANDLE, defendant, by Kenneth D. Auerbach, his counsel, opposes the government's motion to admit evidence of other crimes and states:

1. The government seeks to introduce evidence that Andre L. Randle has been previously convicted twice on guilty pleas of delivery of less than one gram of cocaine within 1000 feet of a school in case numbers 30158 and 30160 in Fort Bend County, Texas on May 15, 1998. He was sentenced to concurrent six year terms of incarceration. The government also seeks to admit that on December 4, 1995, Randle had entered a guilty plea to possession of more than one gram but less than four grams of cocaine and was sentenced to six years' incarceration, which was suspended, and he was placed on probation. The guilty pleas in 1998 were a violation of the 1995 sentence, and he was incarcerated.

2. In this case, the government alleges that Randle knowingly possessed with intent to distribute five kilograms or more of cocaine. The evidence will show that Randle drove the car (not his) from Texas to Washington, D.C., and was paid to deliver it so it could be purchased by a local buyer, get paid for driving, and return to Texas. In Washington, D.C., he met Carl Miller, who drove the car a short distance until it was stopped by law enforcement. The drugs were discovered by a drug-sniffing canine, which signaled officers who ripped out the dashboard to find the kilograms of cocaine.

1

The issue in this case is whether Randle knew that there was cocaine in the car. The use of the Randle's previous convictions is impermissible and under prevailing case law and is substantially more prejudicial than probative.

**ARGUMENT**

2. Evidence of other crimes, wrongs, or acts is not admissible to prove criminal propensity or character of a person, but such evidence may be admissible to prove motive, intent, or lack of mistake, common scheme or plan, or knowledge. *F.R.E.* 404(b). But there must be some reasonable inference from the facts of the three previous convictions by guilty plea, none more recent than 8 years and two at least 11 years before the instant offense to prove that in 2006 Randle knew that drugs were in the car. It is illogical to conclude that events almost a decade earlier demonstrate his knowledge of the contents of the car. In short, evidence of Randle's convictions is irrelevant to the charge he faces. *United States v. Linares*, 367 F.3d 941, 947 (D.C. Cir. 2004)(error, but harmless, to admit evidence in prosecution for felon in possession of firearm of defendant's conviction four years earlier for possessing firearm).

The government argues that Randle's convictions show his intent to distribute, motive for possessing, and opportunity to obtain cocaine in 2006. But there is no logical connection between his earlier transgressions and his knowledge of the cocaine hidden in the dashboard, which was so secreted that after first searching the car, law enforcement called for a drug-sniffing dog, which gave a signal that caused law enforcement to rip out the dashboard.  Similarly, it is illogical to argue that events 8 to 11 years earlier indicate Randle's knowledge of drugs when the issue is his knowledge of the presence of drugs and

there was nothing unusual about the contraband's packaging.[1] For similar reasons, the government's argument that tries to connect Randle's convictions to his motive and opportunity to knowingly possess the cocaine or his retail distribution plan. *Linares*, supra..

     3. Even though evidence may be admitted under *Federal Rule of Evidence* 404(b), the probative value of the evidence must not be substantially outweighed by prejudice to the defendant, waste of time, or confusion of issues. "A concomitant of the presumption of innocence is that a defendant must be tried for what he did, not for who he is. *United States v. Daniels*, 248 U.S. App.D.C. 198, 770 F.2d 1111, 1116 (1985). Introducing evidence of defendant's prior crimes and other bad acts conflicts with this principle, because the evidence of prior crimes "weighs to much with the jury," as the jury tends to prejudge someone with a bad general record so as to prevent hm from having a fair opportunity to defend against a particular charge. *Michelson v. United States*, 335 U.S. 469, 475-476 (1948). Empirical research confirms this view. *See*. H. Kalven and H. Zeisel, THE AMERICAN JURY 160 (1966).

     This case falls squarely in the inherent dangers from evidence of prior crimes or bad acts. The danger is overwhelming that by admitting evidence of Randle's prior convictions, the jury will likely conclude that Randle is guilty of this charge–must have known that there was cocaine in the car–because he was three times convicted of drug charges in Texas. As a result, admitting this evidence substantially prejudices Randle far in excess to any probative value it may have.

     For the reasons stated, Andre L. Randle opposes the government's motion to admit evidence of other crimes.

---

[1] As the court well knows, discovery in criminal cases is limited, so any statements relating to the government's evidence is limited to what has been disclosed.

**POINTS AND AUTHORITIES**

1. Authority cited in the motion.

2. Fed. Crim. Pro. R. 12

    Respectfully submitted,

    _____
    Kenneth D. Auerbach
    D.C. Bar No. 370469
    8720 Georgia Avenue, Ste 704
    Silver Spring, Maryland 20910
    (301)585-5566

    Counsel to Andre L. Randle

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that this paper was served on all parties by the electronic filing system of the United States District Court for the District of Columbia on August 5, 2007.

    _____
    Kenneth D. Auerbach

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | : |
| v. | : No. 06-cr-00246-002 (HHK) |
| **ANDRE L. RANDLE, et al.** | : |
| **DEFENDANT** | : |

## ORDER

THE COURT, having considered the government's Motion To Admit Evidence Of Other Crimes and the Opposition thereto;

**Ordered**, that the motion is and shall be **denied**.

_____

Henry H. Kennedy, Judge

United States District Court for the District of Columbia