IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| v. | : No. 06-cr-246-02 (HHK) |
| ANDRE L. RANDLE, | : |
| DEFENDANT | : |

### MOTION TO SUPPRESS EVIDENCE

ANDRE L. RANDLE, defendant, by Kenneth D. Auerbach, his counsel, moves for an Order suppressing evidence and as reasons states:

1. On August 16, 2006, Andre L. Randle was a passenger in a car driven by Carl Miller in Washington, D.C. Randle had driven the car to Washington, D.C. for sale in the metropolitan area. Carl Miller met Randle and drove the car for a short distance until it was stopped by law enforcement without probable cause. Andre L. Randle was in the front passenger seat.

2. After officers searched the car and found nothing amiss, they called for a drug-sniffing canine, which gave a response indicating presence of contraband near the dashboard. After ripping out the dashboard, the officers discovered a large quantity of cocaine and arrested Andre L. Randle and Carl Miller. When law enforcement stopped the car, they had no probable cause to believe that Randle was involved in criminal activity.  Even if law enforcement had information that criminal activity was afoot, there was no probable cause to believe Randle was connected to it.  As a result, the warrantless search and seizure was without reasonable grounds,  was without probable cause,  and was the product of an initial illegal stop or arrest.

3. Randle has standing to object to the stop and search. *Delaware v. Prouse*, 440 U.S. 648, 650 n. 1 (1979).  His Fourth Amendment rights were violated by the

warrantless stop of the car based without probable cause that he had committed any crime.

  4.  Even if the government argues that information obtained by electronic surveillance provided reasonable grounds or probable cause for stopping the car, the evidence against Randle similarly should be suppressed. Randle is an "aggrieved person" and may seek suppression because he was party to an intercepted communication or a person against whom interception is directed. 18 U.S.C. § 2510 (11).  The government has disclosed 324 intercepts from August 14, 2006 to August 21, 2006 that presumably directly or indirectly pertain to Randle. The government has disclosed some warrant applications, affidavits, and orders purporting to authorize intercepts but none relate to orders or extensions of orders that cover the period of August 14, 2006 to August 21, 2006. Unauthorized intercepts are subject to suppression. 18 U.S.C. § 2518(10(a)(1).

  WHEREFORE, the defendant respectfully moves for an order suppressing the aforesaid evidence for the aforesaid reasons.

## POINTS AND AUTHORITIES

1. Fed. Crim. Pro. R. 12.

2. U.S. Constitution, 4th Amendment.

3. Authority cited in text.

        Respectfully submitted,

        _____
        Kenneth D. Auerbach
        D.C. Bar No. 370469
        8720 Georgia Avenue, Ste 704
        Silver Spring, Maryland 20910
        (301)585-5566

        Counsel to Andre L. Randle

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that this paper was served on all parties by the electronic filing system of the United States District Court for the District of Columbia on August 7, 2007.

_____
Kenneth D. Auerbach

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES** | : |
| v. | : No. 06-cr-00246-002 (HHK) |
| **ANDRE L. RANDLE, et al.** | : |
| **DEFENDANT** | : |

**ORDER**

THE COURT, having considered Defendant's Motion To Suppress Evidence and the reasons therefor;

**Ordered**, that the motion is and shall be **granted**.

_____
Henry H. Kennedy, Judge
United States District Court for the District of Columbia